**Opinion filed October 25, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00287-CR

_____

### FELIX LEE JARAMILLO,  Appellant

### V.

### STATE OF TEXAS,  Appellee

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 12949**

### M E M O R A N D U M   O P I N I O N

The jury convicted Felix Lee Jaramillo, appellant, of aggravated robbery.  Based upon its finding of "true" to a prior felony conviction alleged for enhancement purposes, the jury assessed his punishment at confinement for a term of sixty years in the Institutional Division of the Texas Department of Criminal Justice.  The jury also assessed a fine of $10,000.  Appellant challenges his conviction in one issue.[1]  We affirm.

*Background Facts*

On the evening of the offense, David Canales was at his house in Big Spring with his wife, Jennifer, and two of their three children.  Three men, including appellant, kicked in his

---

[1]Appellant's brief lists three issues; however, appellant briefed only the third issue.  For this reason, we address the sole issue raised and argued on appeal.

front door and entered his home, armed with pistols and a shotgun. The men attempted to disguise themselves, but David identified them as appellant, Clifford Anglin, and Phillip Martinez. The men, armed with pistols and a shotgun, told David to get facedown. He got on his knees and put his face on the sofa. The men demanded money. Appellant kicked David in the ribs. One of the men hit David on the back of the head with a pistol. Jennifer testified that appellant pointed the shotgun at her and her youngest son while another man searched the bedroom for jewelry and money. The men stole cash, Jennifer's cell phone, the Canaleses' handgun, and David's jewelry. As the men were leaving, one pointed a pistol at David and threatened to shoot him if he called anyone. After they left, David went outside and flagged down a patrolling officer, Officer Andrew Garcia.

Officer Garcia of the Big Spring Police Department testified that he was on patrol the night of the offense. While responding to a traffic stop, he was flagged down by David. David told Officer Garcia that men had kicked in his front door and, while they held his wife and children at gunpoint, demanded money and began looking for valuables in the house. Officer Garcia testified that both Jennifer and David identified their attackers.

Big Spring Police Officer Lanny Swanson testified that, on the night of the offense, he and his partner, Officer John Haynes, initiated a traffic stop of a vehicle traveling with its lights off. The vehicle did not stop immediately, and both officers observed items being thrown from the vehicle. As soon as the car stopped, passengers began to flee. Officer Swanson and Officer Haynes apprehended two of the passengers. Both officers identified appellant as the individual apprehended by Officer Swanson. After placing appellant in custody, Officer Swanson "retraced" appellant's path from the car and recovered a pistol. Officer Haynes then "retraced" the path of the car to the items thrown from it; he recovered a bandana and a shotgun. At that point, Officer Haynes and Officer Swanson received a call concerning the aggravated robbery.

The following morning, Officer Stephen Oliver was called to a house at 624 State Street, several blocks from the Canaleses' house. The resident there had called regarding a cell phone in his yard. Jennifer identified the phone as hers. Officers Haynes and Swanson both testified that they observed items being thrown from the car in the 600 block of State Street.

*Sufficiency of the Evidence*

In his sole issue, appellant challenges the legal and factual sufficiency of the evidence supporting his conviction for aggravated robbery as alleged in the indictment. We review a

2

sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

In conducting a sufficiency review, we defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Appellant claims the evidence was so insufficient that no rational trier of fact could find every element of the offense beyond a reasonable doubt. A person commits aggravated robbery when he commits robbery and uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id.* § 29.02(a)(2). A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of the property. *Id.* § 31.03(a) (West Supp. 2012).

Appellant directs his evidentiary challenge to inconsistencies in the testimony of the Canaleses. Specifically, David testified that the men were not wearing toboggans, but Jennifer testified that the men wore toboggans. David testified that he was kicked in the ribs by appellant and "pistol-whipped" by appellant's accomplice; yet he had no open wounds, needed no stitches, and was released that evening from the emergency room. David testified that his youngest son was in the living room when appellant and his accomplices kicked in the door. Jennifer testified that their son was in the bedroom with her.

Appellant argues that the inconsistent testimony as to clothing, injuries, and precise location of the child renders the evidence insufficient to support the conviction. We disagree.

3

The weight to be given to conflicting testimony is within the sole province of the jury because it turns on an evaluation of credibility and demeanor. *Cain v. State*, 958 S.W.2d 404 (Tex. Crim. App. 1997). In *Bowden v. State*, the court held that the evidence was sufficient to sustain the defendant's conviction of aggravated robbery, despite inconsistencies between a witness's trial testimony and the description he gave police of the robber. *Bowden v. State*, 628 S.W.2d 782 (Tex. Crim. App. 1982).

It was within the jury's province to resolve any inconsistencies in the Canaleses' testimony. After reviewing all the evidence, we hold that it was sufficient to support the jury's verdict. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


October 25, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill.[3]

---

[2]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[3]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.